# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Ft. Myers Division

| | |
|---|---|
| LYNDA WHITMAN and GLEN WHITMAN, | ) Case No. |
| Plaintiffs, | ) Jury Trial: No |
| v. | ) |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | ) |
| Defendant. | ) |

## PLAINTIFFS' COMPLAINT

COME NOW Plaintiffs Lynda Whitman and Glen Whitman, by and through the undersigned attorney, and file this *Complaint* against the Defendant Federal Emergency Management Agency and in support hereof, state as follows:

### THE PARTIES

1. At all times material hereto, Lynda Whitman and Glen Whitman ("Plaintiffs"), a married couple, were residents of Lee County, Florida, and are otherwise *sui juris*. Plaintiffs' street address is 20520 Charing Cross Circle, Estero, Florida 33928. Glen Whitman: Telephone 305.613.5383; email gwhitman@aol.com. Lynda Whitman: Telephone 305.495.0247; email nurslynda@aol.com.

2. At all times material hereto, Defendant Federal Emergency Management Agency ("Defendant") was a corporation duly licensed to transact insurance

1

business in, and in fact transacts business in, the State of Florida. Defendant is in the business of insuring risks and properties located throughout the State of Florida. Defendant's address is Post Office Box 913111, Denver, Colorado 80291-3111. Telephone (800) 767-4341; email FEMA-NFIP-Support@fema.dhs.gov.

## JURISDICTION AND VENUE

3. Jurisdiction and venue of this matter are proper in the Ft Myers Division for the United States District Court for the Middle District of Florida because:

    (i) Federal law grants original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

    (ii) Original jurisdiction is conferred upon this Court by 42 U.S.C. § 4072 and 44 CFR § 62.22.

    (iii) Per 44 CFR § 62.22, venue is proper because the insured property underlying this lawsuit is situated in Lee County.

## THE POLICY

4. Prior to September 28, 2022, Plaintiffs sought and purchased homeowner's insurance under the National Flood Insurance Program from the Defendant to cover their property located at 20520 Charing Cross Circle, Estero, Florida 33928 (the "Property").

5. In consideration of the premium paid to Defendant by Plaintiffs, Defendant issued a policy of insurance having Policy No. 4400239446 (the "Policy") to

provide insurance coverage that included, but was not limited to, coverage afforded to protect Insured's Property against flood damage.

6. Plaintiffs' Policy was issued by the Defendant to the Insured in Lee County, Florida, and was in full force and effect as of September 28, 2022.[1]

7. The Policy insures against property damage to the Property and the Policy likewise insures against loss from flood damage.

## STATEMENT OF FACTS

8. On or about September 28, 2022, the Property was damaged by a named storm event, Hurricane Ian (hereinafter "the Loss").

9. The Policy that insured the Property was in full force and effect at the time of the Loss.

10. Said event was a covered peril under the Policy issued by Defendant to Plaintiffs.

11. As a result of the Loss, Plaintiffs suffered damage to the Property.

12. Plaintiffs promptly and timely notified Defendant of the damage to the Property as a result of the Loss—and made a claim pursuant to the Policy.

13. Plaintiffs have otherwise performed all conditions precedent to recovery under the Policy and under the applicable Federal Statutes.

14. As a result, the Defendant assigned Claim Number 255243 to the claim ("the Claim").

---

[1] A formal copy of the Insured's policy is attached hereto as **Exhibit A** and the terms of which are expressly incorporated herein.

15. At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damage caused by the storm event.

16. After conducting investigations and analysis, Plaintiffs assessed the damaged property's replacement cost value to be $252,559.76—submitting an estimate to that effect to Defendant on or about October 28, 2022.

17. Defendant admitted liability for the damage to the Property caused by the Loss and determined that the replacement cost value of the loss was $192,369.72 and actual cash value was $177,812.58. As to the admittedly covered damages, Defendant grossly undervalued and underpaid the actual amount damages to the Property.

18. On January 23, 2023, Plaintiffs representative disputed Defendant's coverage determination and claimed that $57,103.46 additional was outstanding under this Claim.

19. Upon knowledge and belief, Defendant did not respond accepting or denying the disputed amounts.

20. Defendant failed to fully restore the Property to the condition it was in prior to the Loss by failing to pay Plaintiffs all the benefits to which Plaintiffs are entitled under the Policy for the Loss.

21. This is an action related to Defendant's breach of contract and failure to pay the full replacement cost value or actual cash value, as applicable, to Plaintiffs under an insurance policy.

22. There exists a genuine, justifiable controversy between Plaintiffs and Defendant as to whether Defendant is responsible for coverage for the replacement cost or actual cash value, as applicable, of the actual physical damage to the Property caused by the Loss.

23. Plaintiffs have exhausted every reasonable means possible to resolve this dispute with Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incurring additional expenses, and file this lawsuit.

24. The disputed amount of damages owed to Plaintiffs the full actual cash value of the damaged property, as applicable, less prior payments and the policy deductible. However, actual damages may include, but are not limited to, additional damages under Coverage A, Coverage B, Coverage C and Coverage D, whether such damages are not-yet-incurred or not-yet-discovered costs.

### COUNT I
### BREACH OF CONTRACT

Plaintiffs reallege and readopt Paragraphs 1 through 24 as if fully set forth herein and sue the Defendant for breach of contract and further state as follows:

25. This is an action for damages for breach of an insurance contract against Defendant, arising out of an insurance policy (i.e., the Policy) that was in full force and effect at the time of the loss/losses to Plaintiffs' Property.

26. Plaintiffs' are named insureds under the Policy and the Policy was in full force and effect as to Plaintiffs and the Property at all times material to this

Complaint, including when the Property was damaged by the Loss.

27. Plaintiffs have performed all conditions precedent to Defendant's obligation to perform under the Policy, or Defendant has waived any and all other conditions.

28. As a result of the Loss to the Property and pursuant to the terms and conditions of the Policy, Defendant had an obligation to pay Plaintiffs all the benefits to which Plaintiffs are entitled under the Policy for the Loss/Claim.

29. Defendant has materially breached the Policy and Federal law by failing and refusing to pay the full amount of benefits owed to Plaintiffs under the Policy resulting from the Loss/Claim.

30. As a direct result of Defendant's breach of the Policy, Plaintiffs have sustained damages at or exceeding the actual cash value of the damaged property, as applicable—the exact amount to be determined at trial.

31. Plaintiffs have been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney fees.

32. Plaintiff is entitled to recover litigation costs from the Defendant under Rule 54 of the Federal Rules of Civil Procedure.

33. Plaintiffs have been and remain fully prepared to comply with all obligations pursuant to the Policy.

**PRAYER**

WHEREFORE, Plaintiffs demand judgment against Defendant for all

damages, costs, interest, and such other relief this Court deems just and proper.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the bet of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted on January 23, 2024.

**PROPERTY CLAIMS ATTORNEYS, PLLC**
*Attorneys for Plaintiffs*
1106 Thomasville Road, Suite C
Tallahassee, Florida 32303
(p) 850-583-5382

*/s/ Charles P. Pearson*
Charles P. Pearson, Esq.
Fla. Bar No.116032
(e) cppearson@propertyclaims.law

Dale S. Shelton, Esq.
Fla. Bar No. 113113
(e) dale@propertyclaims.law